**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | * | |
| **VICKY RODRIGUEZ TORRES**, | * | Case No. 09-10864 (BKT) |
| Debtor. | * | Chapter 7 |
| _____ | * | |
| **DONALD F. WALTON**, United States Trustee - Region 21, | * | Adv. Pro. No. 10-00128 (BKT) |
| Plaintiff, | * | |
| vs. | * | |
| **VICKY RODRIGUEZ TORRES**, | * | |
| Defendant. | * | |
| _____ | * | |

## UNITED STATES TRUSTEE'S INFORMATIVE MOTION REGARDING DISCOVERY

*TO THE HONORABLE COURT:*

Plaintiff, Donald F. Walton, the United States Trustee for Region 21, through his undersigned counsel, respectfully states and informs as follows:

1. On October 14, 2010, Defendant filed a *Motion for Leave to File Separate Fed. R. Bankr. P. 7026(c) Discovery Plan* (the "Motion for Leave") (Dkt. #15).

2. The Plaintiff is well aware of this Honorable Court rulings regarding controversies related to discovery. To that effect, Plaintiff has extensively tried to avoid them, and even more, submit them to the Court.

3. However, in her Motion for Leave, Defendant submits certain statements are not supported by the facts and make this motion inevitable.

### Discovery Background

4. On September 15, 2010, on Plaintiff's initiative, counsel for both parties met and, among other matters, mainly discussed the initial disclosures required by Fed. R. Bankr.

P. 7026(a)(1)(A). The discovery process was to be discussed and agreed in a future date not set at that moment.

5. On even date, Plaintiff sent to counsel for Defendant, William Meléndez, a letter with his initial disclosures.

6. On September 29, 2010, Defendant filed a *Motion to Extend Time for Initial Disclosures and Discovery Plan* (Dkt. #8). The Plaintiff did not join this request. The Court granted this extension on October 5, 2010 (Dkt. #11); the docket states that the order was due on October 15, 2010.

7. On October 14, 2010, without previous communication and/or conference with Plaintiff, counsel for Defendant sent multiple e-mails regarding the initial disclosures and a "proposed" discovery plan.

8. On even date, in order to discuss this matter and on Plaintiff's initiative, the undersigned and counsel for Defendant had a telephone conference.

9. During said telephone conference, and among other things, the undersigned informed counsel for Defendant that the Plaintiff was not ready to submit his proposed plan, that according to the rules there was time left to comply, and that since the e-mails were sent on the same day there was not sufficient time to review them and to responsibly agree to his proposals. Counsel for Defendant insisted that he had to file the discovery plan on October 15, 2010, as per the order of this Court. The undersigned suggested, since Defendant filed the "extension of time", to have her file another motion to the Court. Counsel for Defendant refused the suggestion.

10. After several minutes of conversation regarding the applicable rules to the discovery process, no agreement was reached. Plaintiff suggested to have a meeting next week to coordinate the discovery process and to submit a joint discovery plan. Plaintiff submitted the dates of October 20 (all day available), October 21 (a.m. available), and

October 22 (a.m. available). However, counsel for Defendant did not submit any date. Subsequently, the Motion for Leave was filed.

11. The Pre-Trial Scheduling Conference is scheduled for December 1, 2010 (Dkt. #14).

12. P.R. LBR 7026-1, in pertinent parts, provides as follows:

> (b) Rule 7026(f) Conference. The Parties must meet and confer pursuant to Fed. R. Bankr. P. 7026 (f) within twenty-one (21) days before the initial pretrial conference.
>
> (c) Discovery Plan. Pursuant to Fed. R. Bankr. P. 7026(f), the parties must submit a discovery plan within fourteen (14) days of the conference prescribed in subsection (b) of this LBR...

13. The Rule 7026(f) conference has not been held yet.

14. According to said rule, the Plaintiff respectfully submits that the parties must have the conference not later than November 10, 2010, and submit the discovery plan not later than November 24, 2010.

15. In order to avoid further controversies regarding discovery, next week Plaintiff will contact counsel for Defendant to agree for a date to hold the conference and prepare a joint discovery plan.

16. The Plaintiff respectfully submits that this motion has not been filed to cause any prejudice to the Defendant or to delay the proceedings.

**WHEREFORE**, the United States Trustee respectfully requests that the Honorable Court take note of the above stated and enter such further relief as deemed just and proper.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following:

WILLIAM MELENDEZ    we.melendez@e-lex.us, usdc-pr-dockets@e-lex.us

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to the Defendant, **Vicky Rodríguez Torres**, 650 Sergio Cuevas, Apt. 1911, San Juan, PR 00918.

DATED: October 15, 2010.

**DONALD F. WALTON**
United States Trustee for Region 21

**MONSITA LECAROZ ARRIBAS**
Assistant United States Trustee

**OFFICE OF THE UNITED STATES TRUSTEE**
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444 Fax: (787) 729-7449

**(Electronically Filed)**

By: s/ *José Carlos Díaz-Vega*
    José Carlos Díaz Vega
    Trial Attorney
    USDC-PR No. 213607