**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **VICKY RODRIGUEZ TORRES**, | * | Case No. 09-10864 (BKT) |
| | * | |
| Debtor. | * | Chapter 7 |
| _____ | * | |
| | * | |
| **DONALD F. WALTON**, | * | |
| United States Trustee - Region 21, | * | |
| | * | Adv. Pro. No. 10-00128 (BKT) |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| **VICKY RODRIGUEZ TORRES**, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## <u>UNITED STATES TRUSTEE'S REQUEST FOR DEFAULT JUDGMENT PURSUANT TO FED. R. BANK. P. 7037</u>

*TO THE HONORABLE COURT:*

Plaintiff, Donald F. Walton, the United States Trustee for Region 21, through his undersigned counsel, respectfully states and prays as follows:

1. On November 4, 2010, Plaintiff served on Defendant his first set of interrogatories and request for production of documents (Dkt. #27). The 30-day term to answer/produce expired on December 6, 2010.

2. On November 26, 2010, Defendant filed a motion requesting the dismissal of the case (Dkt. #29).

3. At the pretrial scheduling conference held on December 1, 2010, the Court did not enter an order staying the discovery proceedings (Dkt. #31). However, Defendant

failed to comply with the discovery inasmuch as she did not answer the interrogatories/production of documents within the 30-day term.

4.  Notwithstanding the above, in order to avoid bringing to the Court discovery-related controversies, Plaintiff did not move the Court for relief after the 30-day deadline expired.  The Plaintiff filed his opposition to the motion to dismiss (Dkt. #34).

5.  On January 12, 2011, the Court denied Defendant's motion to dismiss (Dkt. #35). However, Defendant continued to fail to comply with the discovery requests.

6.  In light of this, on January 18, 2011, Plaintiff sent an e-mail to Defendant requesting that the mentioned discovery be answered/produced on January 24, 2011, at 2:00 p.m. Defendant was advised that her failure to comply was cause for a request for relief from the Court.  No answer was received from Defendant.

7.  On January 24, 2011, Defendant once again failed to comply with the discovery requests.  No communication was received from Defendant.

8.  On January 25, 2011, in order to comply with the provisions of Fed. R. Bank. P. 7037 and P.R. LBR 7037-1, the Plaintiff called Defendant to confer regarding the matter and left a message on the answering machine requesting a return call.

9.  That same date, Plaintiff sent another e-mail to Defendant regarding her  failure to comply with discovery and requesting a call to confer with the Plaintiff not later than the end of the business day.  Defendant was advised that failure to reach an acceptable solution would result in a request for relief from the Court including, but not limited to, the imposition of sanctions.

10.  On January 25, 2011, Defendant e-mailed a response which stated that "within

the next 48 hours we will be filing a timely notice of appeal regarding the court's denial of

debtor's motion to dismiss[1], together with a motion to stay all pending pretrial and discovery

proceedings". This statement by itself is an acknowledgment that the discovery

proceedings were not, and are not, stayed.  The e-mail also stated that Defendant "was

willing" to be available to meet with the Plaintiff "on or around the second week of

February" (without a specific date) which made it clear that Defendant was not going to

confer with the Plaintiff.

    11.  Neither a timely notice of appeal, a motion to stay the discovery, a motion for

protective order, nor a request for an extension of time to comply with discovery was filed

by Defendant.

    12.  As of today, Defendant continues to fail to comply with the discovery.

    13.  Rule 7037(d) of the Federal Rules of Bankruptcy Procedure, in pertinent parts,

states as follows:

> (1) General.
> > (A) Motion; Grounds for Sanctions.  The court
> > where the action is pending may, on motion,
> > order sanctions if:
> > > (i) ...
> > > (ii) a party, after being properly
> > > served with interrogatories under
> > > Rule 33 or a request for production
> > > of inspection under Rule 34, fails
> > > to serve its answer, objections, or
> > > written response.
> ...
>
> (3) Types of Sanctions.  Sanctions may include any of the
> orders listed in Rule 37(b)(2)(A)(i)-(vi)...

---

[1]The 10-day period to file the notice of appeal from the denial of dismissal expired on January 22, 2011.

14.  Among the listed sanctions is "rendering a default judgment against the disobedient party".  Fed. R. Bank. P. 37(b)(2)(A)(vi).

15.  As demonstrated above, Defendant has wilfully and knowingly failed to respond to the interrogatories and production of documents despite Plaintiff's efforts.  Instead, as stated before, Defendant's last communication was an announcement of the filing of an already untimely notice of appeal and a proposal to meet approximately three (3) weeks later.

16.  Plaintiff respectfully submits that a default judgment against Defendant is the proper sanction for her egregious behavior and total disregard of the dispositions governing discovery.  The procedural history of the case demonstrates that previously, sanctions have been imposed for failure to comply with P.R. LBR 7026 (Dkts. #28 and #31).

## Certification of Compliance with
## Fed. R. Bank. P 7037(d)(1)(B)and P.R. LBR 7037-1(b)

17.  As demonstrated above, the undersigned hereby certifies that Plaintiff has reasonably and in good faith attempted to confer with the Defendant in an effort to obtain the answer or response to discovery without Court action.

## Request to Shorten Time to Respond to this Motion

18.  P.R. LBR 9013-1(h)(1) states that every motion, except those enumerated in paragraph (2) of the same LBR, must provide a notice with a term of fourteen (14) days to interested parties for properly file a response.

19.  Defendant is fully aware of the grounds herein stated.

20.  Thus, the Plaintiff respectfully submits that a term of five (5) days would be

sufficient for the Defendant to file her response, if any, to this motion.

21.  In light of the above, the Plaintiff respectfully requests that this Court shorten

the period of time to file a response from fourteen (14) days to five (5) days.

**WHEREFORE**, the Plaintiff respectfully requests that the Honorable Court grant this

motion, enter a default judgment against the Defendant, and enter such further relief as

deemed just and proper.

## NOTICE

*WITHIN FIVE (5) DAYS AFTER SERVICE AS EVIDENCED BY THE
CERTIFICATE OF SERVICE, AND AN ADDITIONAL THREE (3) DAYS
PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY
MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED,
OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE
RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR
OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE
CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE
DISTRICT OF PUERTO RICO.  IF NO OBJECTION OR OTHER
RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE
PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED
UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE
REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE
OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES
OTHERWISE.*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy

of the foregoing with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following:

WILLIAM MELENDEZ          we.melendez@e-lex.us, usdc-pr-dockets@e-lex.us

                          macuadros@cuad-law.com

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy

of the foregoing has been sent by regular United States mail to the Defendant, **Vicky**

**Rodríguez Torres**, 650 Sergio Cuevas, Apt. 1911, San Juan, PR 00918.

DATED: January 31, 2011.

**DONALD F. WALTON**
United States Trustee for Region 21

**MONSITA LECAROZ ARRIBAS**
Assistant United States Trustee

**OFFICE OF THE UNITED STATES TRUSTEE**
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444 Fax: (787) 729-7449

**(Electronically Filed)**

By: s/ *José Carlos Díaz-Vega*
José Carlos Díaz Vega
Attorney for Plaintiff
USDC-PR No. 213607